IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM C. JESSUP, # N-90052, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ILLINOIS DEPARTMENT of )<br>CORRECTIONS, S.A. GODINEZ, )<br>VICTOR DOZIER, and V.C.C. WARDEN, )<br>)<br>Defendants. ) | Case No. 13-cv-843-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

  Plaintiff, currently incarcerated at Vandalia Correctional Center ("Vandalia"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, who is of the Catholic faith, raises several claims stemming from Defendants' refusal to provide him with a meat-free diet during Lent.

  More specifically, Plaintiff claims that in February 2013, on Ash Wednesday and on Fridays during Lent, meat was served to Plaintiff and other Catholic inmates (Doc. 1, p. 4). Defendants admitted to Plaintiff that no alternative diet was provided because it was not "feasible or economical" to do so. *Id*. Plaintiff was told it was his choice whether to eat the meat, but no replacement food was offered. He asserts that in contrast, Muslim prisoners are given a pork-free diet, and are fed during special hours to conform with the tenets of their faith during the observance of Ramadan (Doc. 1, p. 6). Plaintiff argues that these actions violated his First Amendment rights; deprived him of his right to a wholesome and nutritional diet in violation of the Eighth Amendment (Doc. 1, p. 4); and discriminated against him and other

Catholics and denied them equal protection of the law in violation of the Fourteenth Amendment (Doc. 1, p. 5). Furthermore, Defendants have failed to provide him and other Catholic offenders with the services of a Catholic priest, thus infringing on his right to worship and violating both the United States and the Illinois Constitutions (Doc. 1, p. 7).

Plaintiff seeks damages, as well as injunctive relief to obtain equal treatment, an alternative diet during Lent, and access to the services of a Catholic priest (Doc. 1, p. 8).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal claims against Defendants Dozier (the Vandalia Warden) and Godinez (Director of the Illinois Department of Corrections), that shall receive further consideration:

**Count 1:** First Amendment claim for denial of a nutritionally adequate meat-free diet during Lent;

**Count 2:** Equal protection and discrimination claims arising under the Fourteenth Amendment, for Defendants' denial of dietary accommodations to Plaintiff (a Catholic) during Lent although they provided for Muslim prisoners' dietary needs during Ramadan;

**Count 3:** First Amendment claim for failure to provide Plaintiff access to a Catholic priest, unduly burdening his right to practice his religion.

In addition, the Court finds it appropriate to exercise its supplemental jurisdiction to entertain Plaintiff's claim that Defendants' actions have violated his rights under the Illinois

Constitution **(Count 4).**

However, Plaintiff's allegations that the denial of a meat alternative in his diet violated the Eighth Amendment's prohibition against cruel and unusual punishment **(Count 5)** fail to state a claim upon which relief may be granted. This claim shall be dismissed.

An Eighth Amendment claim has both an objective and a subjective component. The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The conditions must result in unquestioned and serious deprivations of basic human needs like food, medical care, sanitation, and physical safety, or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted, that is, deliberate indifference to an inmate's health or safety. *Jackson*, 955 F.2d at 22. The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1970).

In some circumstances, a prisoner's claim that he was denied food may satisfy the objective element but, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). In Plaintiff's case, he was

not denied all food, but was not offered a meat replacement on Fridays during Lent, and on Ash Wednesday. This deprivation is not sufficiently frequent or serious to result in a significant threat to Plaintiff's health. Nor does the complaint indicate that a Defendant had the requisite subjective intent of deliberate indifference to a serious risk to Plaintiff's health, when a special Lenten diet was not provided. Accordingly, Plaintiff has not stated a sustainable Eighth Amendment claim, and Count 5 shall be dismissed.

**Defendants**

Upon review of the complaint, it appears that Plaintiff intended to name three Defendants: the Illinois Department of Corrections ("IDOC") (which he describes as "A Municipal Corporation"), S.A. Godinez (IDOC Director), and Victor Dozier (Vandalia Warden) (Doc. 1, pp. 1-2). A fourth Defendant, "V.C.C. Warden" was erroneously added to the docket sheet. The Clerk shall be directed to terminate this Defendant.

Contrary to Plaintiff's belief, the IDOC is not a municipal corporation, but is an agency of the State of Illinois. As such, it does not meet the definition of a "person" who may be sued for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Thus, the IDOC shall be dismissed from this action with prejudice. As noted above, IDOC Director Godinez remains in the action, and may be ordered to carry out any appropriate injunctive relief to which Plaintiff may be entitled, should he prevail. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief

is the government official responsible for ensuring any injunctive relief is carried out).

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 5) shall be referred to United States Magistrate Judge Williams for further consideration.

**Disposition**

**COUNT 5** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendant **ILLINOIS DEPARTMENT of CORRECTIONS** is **DISMISSED** from this action with prejudice. The Clerk is **DIRECTED** to **TERMINATE** Defendant **V.C.C. WARDEN** as a party, and to correct the docket notations to reflect that Defendant Godinez is the "Director" of IDOC and Defendant Dozer is the "Warden" of Vandalia.

The Clerk of Court shall prepare for Defendants **GODINEZ** and **DOZIER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used

only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 5).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 10, 2013**

s/ MICHAEL J. REAGAN
United States District Judge