IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM C. JESSUP, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 13−cv−0843−MJR−SCW |
| | ) |
| S.A. GODINEZ and | ) |
| VICTOR DOZIER | ) |
| | ) |
|        Defendants. | ) |
| | ) |
| | ) |
| | ) |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This Report and Recommendation is submitted to United States District Court Chief Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). The matter comes before the Court on Defendants' Motion for Sanctions. (Doc. 37). For the reasons below, it is **RECOMMENDED** that the case be **DISMISSED**.

## BACKGROUND

Plaintiff filed this case on August 9, 2013. (Doc. 1). Plaintiff originally filed the suit in the Northern District of Illinois, but it was transferred to this district on August 14, 2015 because the events that Plaintiff complained of occurred at Vandalia Correctional Center, which is part of the Southern District of Illinois. (Doc. 6). This case was then referred to the undersigned on September 11, 2013. (Doc. 12). On November 14, 2013, Plaintiff a notice of change of address indicating that he had been released from prison and moved to Chicago. (Doc. 21). The Court entered a scheduling order on December 6, 2013. (Doc. 24). On January 21, 2014, Defendants asked for a received an extension of time in which to file their initial disclosures. (Doc. 26). There was no further activity in this case for more than a year. On March 3, 2015, Defendants filed a

motion to substitute attorneys, and a motion for extension of time.  (Doc. 31) (Doc. 32).  Their motion for an extension of time indicating that neither party had ever sent out initial disclosures and that no discovery had been conducted by the parties.  (Doc. 32).  The Court granted the extension, giving the parties until May 1, 2015 to complete discovery and setting a dispositive motion deadline of June 1, 2015.  On May 18, 2015, Plaintiff filed two motions.  The first motion asked the Court to move the case to Chicago.  (Doc. 35).  Plaintiff's second motion asked for an extension of time to complete discovery, asking for an additional 60 days.  (Doc. 36).  Plaintiff's motion stated that the defendants agreed with his requested extensions.  (Doc. 36).  It also noted that his deposition was set for May 13, 2015 at 11 am.  (Doc. 36).  The certificate of service on the motion was dated May 11, 2015.  (Doc. 36, p. 3).  The Court denied the motion because discovery had already closed and Plaintiff had not articulated good cause to re-open it.  (Doc. 38).

Defendants filed their Motion for Sanctions on May 18, 2015.  (Doc. 37).  That motion indicated that Plaintiff's deposition was originally scheduled for April 30, 2015.  (Doc. 37).  Plaintiff asked to reschedule the deposition, and Defendants agreed.  (Doc. 37, p. 1).  Defendants also agreed to Plaintiff's request to extend the discovery period.  (Doc. 37, p. 1).  Defendants attempted to communicate further with Plaintiff on his deposition date, but after not hearing from him, set the deposition for Monday, May 11, 2015.  (Doc. 37-2).  Plaintiff once again contacted the Attorney General's office and asked for an extension until May 13, 2015 at 11:00 am.  Defendants agreed to the extension and reset the deposition for that time.  (Doc. 37-3).  Plaintiff then failed to appear for the deposition, despite counsel's attempts to call him.  (Doc. 37).  That same day, Plaintiff emailed defense counsel copies of his two motions, but did not allude to or explain his failure to appear.  (Doc. 37).   The Court set this matter for hearing on May 21, 2015.  (Doc. 39).  Notice of the hearing was mailed to Plaintiff at the address he provided to the Court.  On May 22, 2015, the Court issued an amended notice to clarify that Plaintiff's attendance at the telephonic hearing was

mandatory and that failure to appear may result in dismissal of his case. (Doc. 40). This document was also mailed to Plaintiff at the address he provided to the Court.

On May 28, 2015, the Court held a telephonic hearing on this matter. After waiting ten minutes, the Court noted on the record that Plaintiff had failed to appear at the hearing. At no time has Plaintiff contacted the Court to indicate that he could not appear at the hearing as scheduled or asked for a continuance.

## ANALYSIS

The Court may dismiss claims via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. **Lucien, v. Breweur, 9 F.3d 26, 28 (7th Cir. 1993); accord James v. McDonald's Corporation, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b) a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").** Rule 37(b) additionally authorizes dismissal where a party fails to obey a discovery order, which the Seventh Circuit has said is a "feeble sanction" if it is without prejudice. **Lucien v. Breweur, 9 F.3d 26, 28 (7th Cir. 1993); FED. R. CIV. P. 37(b)(2)(A)(v)**.

Here, although there is evidence that Defendants themselves have neglected their discovery obligations, it appears that they negotiated with Plaintiff in good faith to procure a time for his deposition. Plaintiff failed to appear for his deposition, which violates his obligation to participate in discovery. The Court set Defendants' Motion for Sanctions for a hearing and specifically warned Plaintiff in the notice of that hearing that failure to appear may result in dismissal. **See Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993) (holding "there must be an explicit warning before the case is dismissed" for failure to prosecute).** Plaintiff failed to appear at the hearing. Because it appears to the undersigned that Plaintiff is not interested in pursuing this case, the undersigned **RECOMMENDS** that the Court **DISMISS** this case **with prejudice**.

## CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that that Plaintiff's Complaint be **DISMISSED** with prejudice for his failure to appear at his deposition, the hearing on the motions for sanctions, and for failure to prosecute this case.  Objections to this Report and Recommendation must be filed on or before **June 15, 2015.**

      **IT IS SO RECOMMENDED.**
      Dated: <u>May 29, 2015</u>　　　　　　　　　　　　　<u>**/s/ Stephen C. Williams**</u>
      　　　　　　　　　　　　　　　　　　　　　　**STEPHEN C. WILLIAMS**
      　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge